**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern            District of     West Virginia
                                       (State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1.  **Debtor's name** | Lone Mountain Processing, LLC |
| 2.  **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3.  **Debtor's federal Employer Identification Number** (EIN) | 43 - 1580457 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1051 Main Street | |
| Number      Street | Number      Street |
| | P.O. Box |
| Milton, WV 25541 | |
| City                         State      ZIP Code | City                         State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Cabell County | |
| County | Number      Street |
| | |
| | City                         State      ZIP Code |

5.  **Debtor's website** (URL)    _____

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

| Debtor | Lone Mountain Processing, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2  1  2  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

         District _____ When _____ Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor    See Rider 1 _____    Relationship _____

       District    Southern District of West Virginia    When    See Rider 1 _____
                                               MM  /  DD  / YYYY

       Case number, if known _____

| Debtor | Lone Mountain Processing, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

|  |  |
|---|---|
| Number | Street |

_____

|  |  |  |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor ___Lone Mountain Processing, LLC___    Case number (if known)_____
       *Name*

**16. Estimated liabilities**

- ☒ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### ▮ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7/24/2019___
    MM / DD / YYYY

X _____    ___David J. Beckman_____
Signature of authorized representative of debtor    Printed name

Title ___Interim Chief Executive Officer___

**18. Signature of attorney**

X _____    Date ___7/24/19___
Signature of attorney for debtor    MM / DD / YYYY

Joe M. Supple
Printed name

Supple Law Office, PLLC
Firm name

801 Viand Street
Number    Street

Point Pleasant    WV    25550
City    State    ZIP Code

(304)675-6249    joe.supple@supplelaw.net
Contact phone    Email address

8013    WV
Bar number    State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lone Mountain Processing, LLC, | ) | Case No. 19-[_____] |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

## RIDER I

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

Each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of West Virginia for relief under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of these cases under the case number 19-bk-30289.

| Debtor | Case No. |
|---|---|
| Blackjewel L.L.C. | 19-bk-30289 |
| Blackjewel Holdings, L.L.C | 19-bk-30290 |
| Revelation Energy Holdings, LLC | 19-bk-30291 |
| Revelation Energy, LLC | 19-bk-30292 |
| Revelation Management Corp. | 19-bk-30293 |
| Dominion Coal corporation | 19-[_____] |
| Harold Keene Coal Co. LLC | 19-[_____] |
| Vansant Coal Corporation | 19-[_____] |
| Lone Mountain Processing, LLC | 19-[_____] |
| Powell Mountain Energy, LLC | 19-[_____] |
| Cumberland River Coal, LLC | 19-[_____] |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lone Mountain Processing, LLC, | ) | Case No. 19-[_____] |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage |
|---|---|
| Blackjewel L.L.C. | 100% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

On July 1, 2019, and as of the date hereof, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is a consolidated list of the Debtors' creditors holding the thirty largest unsecured claims (the "Creditor List") based on the Debtors' unaudited books and records as of the petition date. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases.

The Creditor List does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty largest unsecured claims. The information contained herein does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim at a later date.

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 1 | Department of the Interior-ONRR Attn: Jessica Polacek P.O. Box 25627 Denver, CO 80225-0627 Email: Jessica.polacek@onrr.gov | Royalties | | $60,058,947.80 |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 2 | Campbell County Treasurer Attn:  Rachel Knust P.O. Box 1027 Gillette, WY 82717 rek03@ccgov.net | Taxes | | $37,085,803.80 |
| 3 | Wyoming Department Of Revenue Herschler Building 2nd Floor West 122 West 25th Street Cheyenne, WY 82002-0110 Fax No.  (307) 777-3632 | Taxes | | $11,624,023.74 |
| 4 | Department of the Treasury Internal Revenue Service Cincinnati, OH 45999-0009 | Taxes | | $10,339,211.56 |
| 5 | United Central Industrial Supply Attn:  Henry Looney P.O. Box 743849 Atlanta, GA 30374-3849 henry.looney@unitedcentral.net | Trade | | $8,880,080.27 |
| 6 | CAM Mining LLC P.O. Box 1169 Pikeville, KY 41501 Fax No. (606) 432- 7378 | Royalties | Disputed | $8,750,000.00 |
| 7 | Smith-Manus Attn:  Brook Smith 2307 River Road, Suite 200 Louisville, KY 40206-5005 bsmith@smith-manus.com | Surety Bonds | | $8,007,290.35 |
| 8 | Austin Powder Company Attn:  Mike Gleason 25800 Science Park Drive Cleveland, OH 44122 Mike.Gleason@austinpowder.com | Trade | | $7,305,820.50 |
| 9 | Rockwood Casualty Insurance Company Ron Davidson 654 Main Street Rockwood, PA 15557 Ron.Davidson@rockwoodcasualty.com | Insurance | | $6,530,881.00 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 10 | Whayne Supply Company<br>Attn: Joe Yoerg<br>Department 8326<br>Carol Stream, IL 60122<br>Joseph_yoerg@whayne.com | Trade | | $6,324,682.31 |
| 11 | United Industrial Services, Inc.<br>Attn: Kevin Wiley<br>P.O. Box D<br>101 Spruce Street,<br>Rich Creek, VA 24147<br>skwunited@gmail.com | Trade | | $6,191,053.33 |
| 12 | Contura Energy<br>Attn: Andy Eidson<br>431 Running Right Way<br>Julian, WV 25529<br>Andy.Eidson@conturaenergy.com | Trade | | $6,100,000.00 |
| 13 | Kentucky State Treasurer<br>Attn: Stephen Crawford<br>211 Sower Boulevard<br>Frankfort, KY 40601<br>Stephen.crawford@ky.gov | Taxes | | $6,052,821.64 |
| 14 | Wyoming Machinery Co.<br>Attn: Jim Thorpen<br>P.O. Box 2335<br>Casper, WY 82602<br>jcthorpen@wyomingcat.com | Trade | | $5,923,415.77 |
| 15 | Uniper Global Commodities SE<br>Attn: Martin Rozendaal<br>Holzstraße 6 40221 Düsseldorf Germany<br>Martin.Rozendaal@uniper.energy | Trade | | $4,952,875.00 |
| 16 | NRP (Operating) LLC<br>Attn: Greg Wooten<br>Lockbox 2495<br>Columbus, OH 43260<br>gwooten@wpplp.com | Royalties | | $4,725,491.70 |
| 17 | Aquatic Resources Management<br>Attn: Josh Howard<br>2554 Palumbo Drive<br>Lexington KY 40509<br>jhoward@aquaticresources.us | Envir. | | $4,065,845.05 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(If Secured, also state value of security)* |
|---|---|---|---|---|
| 18 | Jones Oil Company, Inc.<br>Attn: Earl Jones/ Mike Jones<br>P.O. Box 3427<br>Pikeville, KY 41502<br>mjones@jonesoilco.com | Trade | | $3,778,116.56 |
| 19 | Fairmont Supply Company<br>Attn:  Tony Dodds<br>75 Remittance Drive, Dept. 1404<br>Chicago, IL 60675-1404<br>tonydodds@fairmontsupply.com | Trade | | $3,751,806.71 |
| 20 | Jennmar Corporation of Virginia<br>Tony Calandra<br>PO. Box 603800<br>Charlotte, NC 28260-3800<br>Attn:  tcalandra@jennmar.com | Trade | | $3,220,649.26 |
| 21 | Walker Machinery<br>Attn:  Joe Yoerg<br>1400 DuPont Avenue<br>Belle, WV 25015<br>Joseph_Yoerg@whayne.com | Trade | | $2,712,802.99 |
| 22 | Triple H Real Estate, LLC<br>Attn:  Brent Walls<br>1051 Main Street, Suite 100<br>Milton, WV 25541<br>Brent.walls@walls-cpa.com | Royalties | | $2,545,224.72 |
| 23 | Republic Superior Products, LLC<br>Attn:  Dennis Meredith<br>13993 E KY<br>550 P.O. Box 189<br>Lackey, KY 41643<br>Dennis.meredith@rsproducts.us | Trade | | $2,239,825.51 |
| 24 | Dept. of Treasury - Office of Surface Mining<br>Attn:  Duane Holliman<br>P.O. Box 979068<br>St. Louis, MO 63197-9000<br>dholliman@osmre.gov | Taxes | | $2,190,578.04 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(If Secured, also state value of security)* |
|---|---|---|---|---|
| 25 | Jones Petroleum Services<br>Attn:  Earl Jones/ Mike Jones<br>P.O. Box 4276<br>Pikeville, KY 41502-4276<br>mjones@jonesoilco.com | Trade | | $1,919,080.46 |
| 26 | Javelin Commodities (UK) Ltd.<br>Attn:  Peter Bradley<br>Manning House<br>22 Carlisle Place<br>London SW1P 1JA<br>Peter.Bradley@Javelincommodities.com | Trade | | $1,791,678.00 |
| 27 | JM Conveyors<br>P.O. Box 640339<br>Pittsburgh, PA 15264<br>Fax No. (412)963-8099 | Trade | | $1,771,852.71 |
| 28 | Kentucky River Properties, LLC<br>P.O. Box 633650<br>Cincinnati, OH 45263<br>Fax No. (859) 255-9362 | Royalties | | $1,744,442.41 |
| 29 | Virginia Department of Taxation<br>1957 Westmoreland Street<br>Richmond, VA 23230<br>Fax No. (804) 254-6111 | Taxes | | $1,628,057.15 |
| 30 | Cook Tire, Inc.<br>Attn:  Teddy Cook<br>P.O. Box 970<br>London, KY 40743-0970<br>connie@cooktireinc.com | Trade | | $1,509,957.48 |

Fill in this information to identify the case and this filing:

Debtor Name __Lone Mountain Processing, LLC__

United States Bankruptcy Court for the: __Southern__     District of __West Virginia__
(State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __7/24/2019__              X _____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

__David J. Beckman__
Printed name

__Interim Chief Executive Officer__
Position or relationship to debtor

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF

## BLACKJEWEL HOLDINGS L.L.C

### July 24, 2019

Effective as of the date written above, the undersigned members of the board of directors (collectively, the "Board") of Blackjewel Holdings L.L.C, (the "Company"), hereby consent to taking of the following actions and hereby adopt the following resolutions by written consent pursuant to the Company's bylaws or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which the Company is organized:

**WHEREAS,** the Company has been investigating strategic alternatives for addressing the liquidity needs of the Company and its affiliates, reorganizing their business, and maximizing the value of the assets of the Company and its affiliates;

**WHEREAS,** on July 1, 2019, the Company and certain of its affiliates, including Blackjewel, L.L.C., Revelation Energy Holdings, LLC, Revelation Management Corporation, and Revelation Energy, LLC (together, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of West Virginia (the "Court");

**WHEREAS,** the Debtors' bankruptcy cases are being jointly administered under case number 19-bk-30289;

**WHEREAS,** on July 3, 2019, Jeffrey A. Hoops resigned his position as officer and director of the Debtors, and David J. Beckman of FTI Consulting Inc. was retained to serve as interim chief executive officer; and

**WHEREAS,** upon the advice of counsel and other professional advisors, the Board has determined that it is in the best interest of the Company, the Company's creditors, and other interested parties to cause certain of its direct and indirect subsidiaries to commence cases under chapter 11 of the Bankruptcy Code and to take certain other actions to maximize the value of their assets;

### NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:

### Chapter 11 Bankruptcy Cases

**RESOLVED,** that in the judgment of the Board, it is desirable and in the best interest of the Company, and the Company's creditors, equity holders, and other interested parties, that the Company cause each of its direct and indirect subsidiaries listed below (together, the "Filing Subsidiaries") to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code ;

- Dominion Coal Corporation
- Harold Keene Coal Co., LLC
- Vansant Coal Corporation

- Lone Mountain Processing, LLC
- Powell Mountain Energy, LLC
- Cumberland River Coal LLC

**RESOLVED**, that each member of the Board and David J. Beckman, as interim chief executive officer (each, an "<u>Authorized Party</u>") is hereby authorized and directed to take, in each case with the advice of counsel and the Filing Subsidiaries' other advisors, (a) any and all actions necessary or appropriate to prepare for and cause such filings to occur, including, without limitation, by causing the preparation, execution, verification, and/or filing of all petitions, schedules, statements, lists, "first day" motions and applications, and other necessary or appropriate pleadings or papers, and (b) any and all other necessary or appropriate actions in furtherance of commencing the bankruptcy cases (collectively, the "<u>Bankruptcy Case</u>"), obtaining necessary or appropriate relief from the Court, and/or otherwise transitioning into operating under chapter 11 and any other relevant provisions the Bankruptcy Code;

## Retention of Professionals

**RESOLVED**, that, subject to the Court's approval, the law firm of Squire Paton Boggs (US) LLP ("<u>SPB</u>") is hereby retained on the terms set forth in SPB's Engagement Letter, dated June 27, 2019, (as may be amended or modified from time to time) to serve as the Filing Subsidiaries' primary bankruptcy and restructuring counsel in connection with the Bankruptcy Case and to advise and assist the Filing Subsidiaries with respect to all aspects of the Bankruptcy Case, including, without limitation, (a) preparing and filing all necessary or appropriate documents to commence the Bankruptcy Case, (b) obtaining necessary or appropriate relief from the Court, (c) operating under chapter 11 and other relevant provisions of the Bankruptcy Code, and (d) otherwise performing its duties as a debtor and debtor in possession;

**RESOLVED**, that the Filing Subsidiaries are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $250,000 previously paid to SPB on account of the services rendered or to be rendered by it;

**RESOLVED**, that Supple Law Office, PLLC ("<u>Supple</u>") is hereby retained on the terms set forth in its Engagement Letter, dated June 27, 2019, (and as may be amended, restated or modified from time to time) to serve as the Filing Subsidiaries' local bankruptcy and restructuring counsel;

**RESOLVED**, that the Filing Subsidiaries are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $25,000 previously paid to Supple on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, FTI Consulting, Inc. ("<u>FTI</u>") is hereby retained on the terms set forth in its Engagement Letter, dated June 27, 2019, (as may be amended or modified from time to time) to serve as the Filing Subsidiaries' financial advisor in the Bankruptcy Case;

- 2 -

**RESOLVED**, that the Filing Subsidiaries are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $200,000 previously paid to FTI on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Prime Clerk LLC ("Prime Clerk") is hereby retained on the terms set forth in its Engagement Letter, dated June 29, 2019, (as may be amended or modified from time to time) to serve as the Filing Subsidiaries' claims, noticing, solicitation, balloting, and/or tabulation agent for the Filing Subsidiaries in the Bankruptcy Case;

**RESOLVED**, that the Filing Subsidiaries are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $37,000 previously paid to Prime Clerk on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Jefferies LLC ("Jefferies") is hereby retained on the terms set forth in its Engagement Letter dated June 30, 2019 (as may be amended or modified from time to time) to serve as the Filing Subsidiaries' investment banker in the Bankruptcy Case;

## Use of Cash Collateral

**RESOLVED**, that the Filing Subsidiaries, by and through any Authorized Party, are hereby authorized and instructed to make such arrangements and take such actions as they deem necessary or proper for the Filing Subsidiaries to use cash collateral as a debtor in possession under Chapter 11 of the Bankruptcy Code;

## Other Bankruptcy Authorizations

**RESOLVED**, that the Filing Subsidiaries and each Authorized Party are authorized and empowered to (a) take or cause to be taken any and all further action(s), (b) engage other professionals, (c) execute and deliver further documents and instruments, and (d) pay fees and expenses, all as such parties deem necessary or appropriate in order to fully carry out the intent and accomplish the purposes of these resolutions;

**RESOLVED**, that any and all past actions previously taken by the officers and/or directors of the Filing Subsidiaries in the name or otherwise on behalf of the Filing Subsidiaries with respect to the commencement of the Bankruptcy Case or otherwise in furtherance of any or all of these resolutions are hereby ratified, confirmed, and approved; and

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction method, and such execution shall be considered valid, binding, and effective for all purposes.

*[Signatures on the following page]*

- 3 -

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Jeffrey B. Scofield


_____
John Reynolds

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____

Jeffrey B. Scofield


_____

John T. Reynolds

010-8801-6681/2/AMERICAS